

THE ATTORNEY GENERAL

OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

July 6, 1976

The Honorable Garrett Morris
Chairman
Public Utility Commission
7800 Shoal Creek Boulevard
Austin, Texas    78757

Opinion No. H-844

Re:  Issuance of certif-
icates of convenience and
necessity to gas utilities
under section 50(2) of the
Public Utility Regulatory
Act.

Dear Chairman Morris:

You have asked:

> Is the Public Utility Commission required,
> under Section 50(2) of Article 1446c, V.T.C.S.,
> The Public Utility Regulatory Act, to certif-
> icate gas retail public utilities by September 1,
> 1976, if such gas retail utility files an
> application therefor and is furnishing, making
> available, rendering or extending retail public
> utility service to any area to which gas
> retail utility service is being lawfully
> furnished by another gas retail public utility
> on or after the effective date of this Act?

Your question is necessitated by sections 49 and 50 of
the Public Utility Regulatory Act, which provide:

> Sec. 49.  For the purposes of this article
> only:  (a) 'Retail public utility' means any
> person, corporation, municipality, political
> subdivision or agency, or cooperative corpo-
> ration, now or hereafter operating, maintaining,
> or controlling in Texas facilities for providing
> retail utility service.  (b) 'Public utility'
> does not include any person, corporation,
> municipality, political subdivision or agency,
> or cooperative corporation under the jurisdic-
> tion of the Railroad Commission.

> Sec. 50.  Beginning one year after the
> effective date of this Act, unless otherwise
> specified:
>
> (1)  No public utility may in any way
> render service directly or indirectly to the
> public under any franchise or permit without
> first having obtained from the commission a
> certificate that the present or future
> public convenience and necessity require or
> will require such installation, operation,
> or extension.
>
> (2)  Except as otherwise provided in this
> article no retail public utility may furnish,
> make available, render, or extend retail
> public utility service to any area to which
> retail public utility service is being law-
> fully furnished by another retail public
> utility on or after the effective date of
> this Act, without first having obtained a
> certificate of public convenience and neces-
> sity that includes the area in which the
> consuming facility is located.

Since certain gas utilities may fall within the defini-
tion of retail public utility, it is arguable that the strict
language of section 50(2) would require those gas utilities
to obtain certificates of convenience and necessity before
they may

> 'furnish, make available, render, or extend
> retail public utility service to any area
> to which retail utility service is being
> lawfully furnished by another retail public
> utility on or after the effective date' of
> the statute.  Sec. 50 (2).  See Attorney
> General Opinion H-831 (1976); H-812 (1976).

Since the Public Utility Commission is the only body
authorized to grant such certificates by the Act, if a certif-
icate is required it must be received from the Public Utility
Commission.

It is a fundamental rule of statutory construction that a statute is to be read as a whole and its parts harmonized to give effect to the evident intention of the Legislature. Texas Turnpike Authority v. Shepperd, 279 S.W.2d 302 (Tex. Sup. 1955); A&A Liquor Stores v. Texas Liquor Control Board, 342 S.W.2d 783 (Tex. Civ. App. -- Austin 1961, writ ref'd n.r.e.).

In examining the entire Act it is evident that the Legislature did not intend for certificates to be issued to gas utilities by the Public Utility Commission. Exclusive jurisdiction over services of gas utilities is vested either in the municipality [sec. 19(a)] or the Railroad Commission [sec. 19(b)]. If a gas utility were required to obtain a certificate of convenience and necessity, the absurd result would accrue that the utility would be required to obtain a certificate from the Public Utility Commission, but the Public Utility Commission would have no authority to issue such a certificate. Since there is no entity which is empowered to grant certificates of public convenience and necessity to gas utilities under section 50 of the Public Utility Regulatory Act, it is our view that gas utilities are not required to obtain a certificate under that section.

### S U M M A R Y

The Public Utility Commission is not required to issue certificates of con- venience and necessity to gas utilities under section 50(2) of the Public Utility Regulatory Act, article 1446c, V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb